| | |
|---|---|
| **COMSTATUOUS ONYEBUAGU,** | ) |
| | ) NO. 3:22-cv-00230 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **UNITED STATES OF AMERICA** | ) |

## MEMORANDUM

Pending before the Court is Petitioner Comstatuous Onyebuagu's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1).[1] As grounds for relief, Petitioner stated that he has "numerous serious medical issues" that he feels "can be better treated outside" and he was not given credit for 18 months of incarceration time to which he believes he is entitled. (*Id*. at PageID# 4-5). The Government filed a response arguing that the petition should be denied because it is untimely and petitioner's grounds for relief are not cognizable under Section 2255. (Doc. No. 5).

For the reasons set forth herein, Petitioner's Motion (Doc. No. 1) will be **DENIED**, and this action **DISMISSED**.

### I. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

---

[1] Petitioner filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1) in his criminal case, *United States v. Onyebuagu*, Case No. 3:18-cr-00141, Docket No. 67 (July 20, 2022). That motion was denied. *Id*., Docket No. 78. Citations to documents in the underlying criminal case are to "Crim. Doc. No. ___."

subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)); *see also*, *Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999).

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claims does not require the resolution of any factual dispute.

## II. ANALYSIS

Under 28 U.S.C. § 2255(f), a petitioner has one year from the date on which his or her conviction becomes final to file a Section 2255 motion, absent certain exceptions not applicable in the present case.[2] The judgment in Petitioner's underlying criminal case, No. 3:18-cr-00141,

---

[2] 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

2

was entered on January 9, 2020 (Crim. Doc. No. 57) and an amended judgment was entered on January 16, 2020 (Crim. Doc. No. 61). The instant petition was signed by Petitioner on March 26, 2022, and received by the Court on April 1, 2022, more than two years later. (*See* Doc. No. 1). Accordingly, it was untimely by over a year. Petitioner states that he did not file the motion within the statute of limitations because, "After sentencing, due to COVID-19 travel restrictions, I was stuck in transit for 18 [months] and unable to file this paperwork or anything related to my case until I reached my initial and current destination." (Doc. No. 1 at PageID# 11).

Under to the doctrine of equitable tolling, the Court may toll the Section 2255 limitations period "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (internal citation omitted). However, "courts grant equitable tolling 'sparingly'" and "[a] habeas petitioner is entitled to equitable tolling only if two requirements are met." *Id*. (internal citation omitted). The petitioner must (1) "establish 'that he has been pursuing his rights diligently'" and (2) "show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id*. (internal citations omitted). The petitioner "bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

647, 653 (6th Cir. 2002).

Here, Petitioner's claim that he was unable to file the petition because he was "stuck in transit for 18 [months]" "due to COVID-19 travel restrictions," without more, does not persuade the court that he was diligently pursuing his rights such that equitable tolling is warranted. Petitioner does not explain why he was unable to file the instant petition until he reached his final destination or provide any information from which the court can find that extended transit stood in his way and preventing timely filing. Moreover, by the Court's calculation, even if Petitioner's transit during the COVID-19 pandemic hindered his ability to file the Petition, he then waited approximately eight months after reaching his final destination to file the Petition.

Under these circumstances, Petitioner has failed to demonstrate that extraordinary circumstances prevented him from timely filing the petition or that he has been pursuing his rights diligently. Accordingly, the Court finds equitable tolling is not warranted and the Section 2255 petition is untimely.

On the merits, Petitioners claims fare no better. Petitioner claims he is entitled to have his sentence vacated or set aside because of his medical conditions or corrected to account for 18 months of custodial credit to which he believes he is entitled. (*See* Doc. No. 1 at PageID# 4-5). Section 2255 requires a petitioner to demonstrate that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The grounds asserted by Petitioner do not fall into any of these categories and, therefore, cannot be the basis for relief under Section 2255.

## III. CONCLUSION

For the reasons stated, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1) will be **DENIED** and **DISMISSED**.

An Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE